UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

**RICK LEROY HOUSER,**

    **Plaintiff,**

v.

**CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

Case No. 11-2272

### ORDER

In April 2012, Plaintiff Rick Leroy Houser filed a Motion for Summary Judgment (#10) against Defendant Carolyn W. Colvin, Acting Commissioner of Social Security,[1] appealing the denial of his applications for disability insurance benefits and supplemental security income benefits. In July 2012, Defendant filed a Motion for an Order Which Affirms the Commissioner's Decision (#14). After reviewing the administrative record and the parties' memoranda, this Court **GRANTS** Plaintiff's Motion for Summary Judgment (**#10**) and **DENIES** Defendant's Motion for an Order Which Affirms the Commissioner's Decision (**#14**).

### I. Background
#### A. Procedural Background

Plaintiff filed applications for disability insurance benefits and supplemental security income in January 2007, alleging a disability onset date of September 1, 2006. Plaintiff's applications were denied initially and upon reconsideration. In September 2008, ALJ Timothy

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin, the Acting Commissioner of Social Security, is substituted for Michael Astrue as the defendant in this suit. FED. R. CIV. P. 25(d).

Mangrum held a hearing at which Plaintiff and James Lanier, a vocational expert, testified. On November 10, 2008, ALJ Mangrum issued an unfavorable decision, finding Plaintiff not disabled under the Social Security Act and denying him benefits. Plaintiff appealed this decision, and the Appeals Council vacated the decision and remanded the case for reconsideration.

In February 2011, Plaintiff and his counsel appeared at a hearing before ALJ Diane Flebbe. The ALJ heard testimony from Plaintiff and a vocational expert, Dennis Gustafson. On March 24, 2011, ALJ Flebbe determined that Plaintiff was not disabled pursuant to the Social Security Act and denied benefits. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks review from this Court pursuant to 42 U.S.C. § 405(g).

### B.  Plaintiff's Medical Background

Both parties described Plaintiff's medical background in detail. The Court will not repeat it here.

### C.  The ALJ's Decision

To be entitled to social security disability benefits, a plaintiff must show that he is unable to engage in any substantial gainful activity because of a medically-determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 416(i)(1). To determine disability, the Commissioner uses a five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, that is, one that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively-disabling impairment listed in the Regulations; (4) whether the claimant has the residual functional capacity to perform his past relevant work; and (5) if the claimant cannot perform the past work, whether the claimant can do other jobs that are available in the national economy. Between steps three and four, the ALJ determines the claimant's residual functional capacity, that is, the work he is still able to perform despite limitations. 20 C.F.R. § 404.1545.

The claimant bears the burden of production and persuasion at steps one through four.  Once the claimant shows he is unable to perform past work, the burden shifts to the Commissioner to show that the claimant is able to engage in some other type of substantial gainful employment. *Campbell v. Shalala*, 988 F.2d 741, 743 (7th Cir. 1993).

The ALJ's decision followed this five-step process.  At the first step, the ALJ found that Plaintiff has not been engaged in substantial gainful activity since the alleged onset date.  At the second step, the ALJ determined that Plaintiff has severe impairments including degenerative disc disease with stenosis and status post laminectomy, degenerative joint disease/osteoarthritis, status post hip replacement, diabetes, and obesity.  At the third step, the ALJ determined that Plaintiff's condition did not meet or medically equal any of the impairments listed in the Regulations.  (R. 28.)  The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) except he can lift and carry twenty pounds occasionally; he can sit for 45 minutes at a time for a total of five hours a day; he can stand for thirty minutes at a time for a total of two hours a day; he can walk for fifteen minutes at a time for a total of one hour a day; he can occasionally operate foot controls, kneel, and climb stairs or ramps; he cannot climb ladders, ropes, or scaffolds; he cannot balance, stoop, crouch, or crawl; he can occasionally work around moving mechanical parts and operate a motor vehicle; and he cannot work at unprotected heights or walk over rough or uneven surfaces.  (R. 28.)  Based on this RFC, the ALJ concluded at step four that Plaintiff was capable of performing his past relevant work as a motor vehicle dispatcher as he actually performed it and as it is generally performed in the national economy.  (R. 33.)  Accordingly, the ALJ found that Plaintiff was not disabled and therefore he was not eligible for social security benefits.  (R. 34.)  The ALJ also stated that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his impairments are not credible to the extent they are inconsistent with the RFC.  (R. 32.)

## II.  Standard of Review

In reviewing an ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's finding with the Court's own assessment of the evidence.  *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989).  The findings of the Commissioner of Social Security as to any fact are

conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Thus, the question before the Court is not whether a plaintiff is, in fact, disabled, but whether the evidence substantially supports the ALJ's findings.  *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995).  The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether a plaintiff is disabled, the Court must affirm the ALJ's decision denying benefits.  *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

### III.  Analysis

Plaintiff argues that ALJ Flebbe (1) failed to give proper weight to the opinion of Dr. Manint, Plaintiff's treating physician; (2) failed to give proper weight to Plaintiff's testimony; and (3) erred when she determined that Plaintiff was able to do his past relevant work as actually performed and as generally performed in the national economy.  In addition, Plaintiff contends that the ALJ did not comply with the Appeals Council's instructions for remand because she (4) failed to obtain evidence from a medical expert to clarify the nature and severity of Plaintiff's impairments; (5) failed to evaluate the effects of Plaintiff's obesity on his RFC in accordance with SSR 02-1p; and (6) failed to give further consideration to Plaintiff's RFC with specific references to the record.

### A.  The Treating Physician's Opinion

The Court first considers whether the ALJ gave proper weight to the opinions of Dr. Manint, Plaintiff's treating physician.

Dr. Manint, the treating doctor, and Dr. Mannis, the consultative examiner, agreed that Plaintiff could sit, stand, or walk for only brief periods at any one time.  However, they differed significantly as to how much total time Plaintiff could sit, stand, or walk during an eight-hour day.  Dr. Manint opined that Plaintiff could sit for less than two hours total and stand or walk for less than two hours total during an eight-hour day.  (R. 672.)  He stated that Plaintiff cannot be up for any extended length of time without resting in a reclining position to alleviate his back

pain. (R. 834.) In contrast, Dr. Mannis opined that Plaintiff could sit for a total of five hours, stand for a total of two hours, and walk for a total of one hour during an eight-hour day. (R. 874.) The ALJ rejected Dr. Manint's opinion on this issue and adopted Dr. Mannis's opinion in her RFC.

> The ALJ explained her treatment of Dr. Manint's opinions as follows:
>
> The basis for the residual functional capacity is the consultative examiner's medical source statement, which is given great weight as it is consistent with the medical record. The opinions of [the claimant's] family practice physician, Dr. Manint, are not given controlling weight. While there are some objective findings, . . . , [the claimant's] assertion of 10+/10 pain on a daily basis is not supported by the medical records, particularly the level of pain he reported to his doctors or the frequency of his visits to the emergency room or urgent care. Further, the consultative physician [(Dr. Mannis)] is an orthopedic specialist and this too is considered in giving his opinions great weight.

R. 33 (citations to record omitted).

An ALJ must offer good reasons for how she weighs the opinions of a treating physician. 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). Here, the reasons the ALJ gave for rejecting Dr. Manint's opinions and adopting Dr. Mannis's activity recommendations do not meet this standard.

The ALJ's first reason for rejecting Dr. Manint's opinion about how much standing, sitting, and walking Plaintiff can do in an eight-hour day is that Plaintiff's "assertion of 10+/10 pain on a daily basis is not supported by the medical records, particularly the level of pain he reported to his doctors or the frequency of his visits to the emergency room or urgent care." (R. 33.) But concerns regarding a claimant's credibility do not necessarily undermine the validity of a treating physician's opinion. That is particularly true here, where the ALJ contends that Plaintiff did not report his pain symptoms to Dr. Manint. (R. 32 (stating "the record does not reflect reports of 10+/10 daily pain to any doctor").) If Plaintiff never reported his symptoms to

5

his doctor, the doctor's opinions could not have been influenced by Plaintiff's subjective complaints. So this reason does not support the ALJ's rejection of Dr. Manint's opinions.

The ALJ's second reason for adopting Dr. Mannis's activity recommendations is the fact that Dr. Mannis specializes in orthopedic surgery. The Seventh Circuit explained the value of a medical specialist in disability cases as follows:

> A blanket rule that the opinion of the treating physician is entitled to greater weight than that of a consulting physician is arbitrary. If the treating physician is not a specialist in black lung disease but the consultant is, and *if a judgment of disability depends to a great extent on the expert interpretation of documentary data*, such as X-rays and the results of gas and ventilatory tests, then reason may require that the consultant's opinion be given equal or even greater weight than the treating physician's. Administrative agencies are not free to disregard reason.

*Peabody Coal Co. v. Helms*, 901 F.2d 571, 573 (7th Cir. 1990) (emphasis added) (citations omitted). So it is clear that the opinion of a specialist may be valuable and, in some situations, may merit more weight than the opinion of a treating physician. But it is also clear that the fact that a doctor is a specialist does not give rise to a blanket rule that his opinion always trumps a treating physician's opinion either.

As the Seventh Circuit stated, a specialist's knowledge may merit more weight than a treating physician's opinion when a judgment of disability depends on "expert interpretation of documentary data" such as x-rays and lab tests. *Id.*; *Smith v. Astrue*, No. 10-C-3053, 2012 WL 401504, *6 (N.D. Ill. Feb. 3, 2012) ("An ALJ may reject the opinion of a treating physician in favor of the opinion of a nontreating physician in some cases, particularly where the nontreating physician has special expertise that pertains to the case and *where the issue is one of interpretation of records or results rather than one of judgment based on observations over a period of time*." (emphasis added) (citing *Micus v. Bowen*, 979 F.2d 602, 608 (7th Cir. 1992))). There is no question that Dr. Mannis's specialty qualifies him to diagnose Plaintiff's impairments. But here there was no controversy about Plaintiff's diagnoses. Dr. Mannis and Dr. Manint agreed that Plaintiff has degenerative disc disease and degenerative joint disease (arthritis or osteoarthritis), and they both took into account Plaintiff's status post laminectomy and status post hip replacement. Dr. Mannis's report did not mention Plaintiff's diabetes or

obesity, but he did mention Plaintiff's weight and height.  Dr. Mannint has treated Plaintiff's diabetes and other ailments, as well as his degenerative disc and joint disease.  The ALJ's list of impairments is consistent with the diagnoses provided by both doctors and includes diabetes and obesity.  Because there is no dispute regarding the nature and diagnoses of Plaintiff's impairments, Dr. Mannis's expertise at diagnosing disc and joint diseases does not come into play.

Instead, at issue is the extent to which Plaintiff's impairments and other conditions affect his ability to work.  A treating physician typically has a better opportunity to judge a claimant's limitations than a nontreating physician.  *See Books v. Chater,* 91 F.3d 972, 979 (7th Cir. 1996); *Gudgel v. Barnhart,* 345 F.3d 467, 470 (7th Cir. 2003) ("More weight is given to the opinion of treating physicians because of their greater familiarity with the claimant's conditions and circumstances.").  Dr. Mannis's observation of Plaintiff was limited to a single examination lasting only thirty-five minutes.  (R. 870.)  In contrast, Dr. Manint has been Plaintiff's treating physician since 2000 and has seen Plaintiff on a regular basis during that time.  The longer the relationship between doctor and patient and the greater the amount of contact between them, the more weight the ALJ will give to that physician's opinion.  20 C.F.R. § 404.1527(c)(2)(i).

Under the facts of this case, Dr. Mannis's expertise does not extend to opinions regarding Plaintiff's ability to sit, stand, or walk during an eight-hour day.  Any opinion by Dr. Mannis on that issue is speculative, given the fact that he examined Plaintiff for only thirty-five minutes.  A consulting physician does not "supply substantial evidence just by . . . offering unfounded speculation."  *Garrison v. Heckler,* 765 F.2d 710, 713 (7th Cir. 1985).  "When experience backed by observation is set against the 'speculative statement' of a consulting physician, substantial evidence lies on the side of the treating physician."  *Stephens v. Heckler,* 766 F.2d 284, 288 (7th Cir. 1985) (citations omitted).  The fact that Dr. Mannis is an orthopedic surgeon does not give him any special expertise when it comes to the question of how long Plaintiff can sit, stand, or walk in an eight-hour day; therefore, the fact that he is an specialist for other purposes does not constitute a good reason for the ALJ to give his opinion greater weight than Dr. Manint's opinion on the relevant issue.

Because the ALJ has failed to articulate any good reason for rejecting Dr. Manint's opinions[2] regarding Plaintiff's ability to sit, stand, and walk, her conclusion is not supported by substantial evidence.  *See Collins v. Astrue*, 324 F. App'x 516, 521 (7th Cir. 2009) ("Because the ALJ . . . failed to articulate any good reason for significantly discounting [the treating physician's] medical opinion, his decision is not supported by substantial evidence."). Accordingly, despite the deference due ALJs in their weighing of competing evidence, because the ALJ's rejection of Dr. Manint's opinion on Plaintiff's ability to sit, stand, and walk during an eight-hour day was not supported by substantial evidence, the Court concludes that the ALJ failed to give proper weight to the opinion of Plaintiff's treating physician.

### B.  Remedy

As a final matter, Plaintiff has asked the Court to remand for an award of benefits.  The Court does not review whether a claimant is disabled, but whether substantial evidence in the record supports the ALJ's finding of no disability.  *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987).  Section 405(g) confers judicial authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Remand for reconsideration by an ALJ is appropriate where further findings or explanation will clarify the rationale for the ALJ's decision.  *Pratts v. Chater,* 94 F.3d 34, 39 (2d Cir. 1996).  But a court need not remand a cause for reconsideration "when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion."  *Holden v. Shalala,* 846 F. Supp. 662, 669-70 (N.D. Ill. 1994) (citations omitted).

---

[2]The Court is not referring to Dr. Manint's statements that he considered Plaintiff "permanently disabled" (R. 672, 834), which the ALJ properly ignored.  *See* 20 C.F.R. § 404.1527(d)(1), (3) (A treating physician's administrative opinion—such as an opinion that the applicant is "disabled"—is not entitled to any particular weight because those determinations are "reserved to the Commissioner.").  Nevertheless, the fact that Dr. Manint said he considered Plaintiff disabled does not invalidate his opinions on medical issues such as the extent to which Plaintiff's impairments affect his ability to sit, stand, and walk.

The ALJ articulated her reasons for rejecting Dr. Manint's opinion, and the Court has concluded that neither of those reasons is supported by substantial evidence. The ALJ has presented no reasons other than those discussed above for adopting Dr. Mannis's opinion over Dr. Manint's opinion regarding Plaintiff's limitations.[3] And neither the ALJ nor the Commissioner has suggested that the treating physician's opinion is internally inconsistent, based solely on the patient's subjective complaints, or tainted by bias. As a result, the Court must conclude that Dr. Manint's opinion regarding Plaintiff's limitations merits greater weight than the opinion of Dr. Mannis.

Based on Dr. Manint's opinion, Plaintiff can sit for less than two hours total and stand or walk for less than two hours total during an eight-hour day. Thus, Plaintiff is able to work no more than four hours. Generally, a claimant is disabled if he cannot perform full-time work. *Criner v. Barnhart*, 208 F. Supp. 2d 937, 957 n.21 (N.D. Ill. 2002) (citing SSR 96–8p ("Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."))

Substantial evidence does not support the ALJ's decision. Furthermore, the administrative record is fully developed. Remanding this case for further administrative proceedings would serve no useful purpose and would only delay the award of benefits.

> When the ALJ fails to point to clear and convincing reasons for rejecting the conclusion of the treating physician, or provide specific, legitimate reasons based on evidence for disregarding that conclusion, and when the administrative record is fully developed, benefits should be awarded.

---

[3]In fact, at the hearing, the ALJ expressly noted that he relied on Dr. Mannis's opinion over the DDS doctors because his opinion was more recent and he had actually examined Plaintiff. (R. 117.) Therefore, remanding to allow the ALJ to articulate additional reasons for giving Dr. Mannis's RFC greater weight than Dr. Mannis's opinions would serve no useful purpose.

9

*Grindle v. Sullivan*, 774 F. Supp. 1501, 1513-14 (N.D. Ill. 1991) (quoting *Boyes v. Sullivan*, 901 F.2d 717, 722-23 (9th Cir. 1989)) (citations omitted).  Therefore, we reverse and remand for the award of benefits.

### C.  Residual Functional Capacity

Because the ALJ's RFC limits Plaintiff to sitting for a total of five hours and standing and walking for a total of three hours in an eight-hour day, the ALJ also erred when she concluded Plaintiff could perform either light work (R. 28) or sedentary work (R. 33) as defined in 20 C.F.R. § 404.1567.

> Social Security regulations define light work as follows:
>
> Light work involves lifting no more than 20 pounds at a time with *frequent* lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 404.1567(b) (emphasis added).  SSR 83-10 defines "frequent" as follows:

> "Frequent" means occurring from one-third to two-thirds of the time.  Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for *a total of approximately 6 hours of an 8-hour workday*.  Sitting may occur intermittently during the remaining time.

SSR 83-10, 1983 WL 31251, *6 (emphasis added).  Because "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday" (SSR 83-10), the ALJ's RFC indicating Plaintiff could stand and walk up to a total of three hours a day is inconsistent with the requirements of light work.

Similarly, the RFC adopted by the ALJ is also inconsistent with the definition of sedentary work.  The Regulations define sedentary work as involving lifting no more than ten pounds at a time and occasionally lifting or carrying small, lightweight items.  Although sitting is involved, "a certain amount of walking and standing is often necessary in carrying out job

duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). SSR 83-10 defines "occasionally" as follows:

> "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and *sitting should generally total approximately 6 hours of an 8-hour workday*.

SSR 83-10, 1983 WL 31251, *5 (emphasis added). Here, the RFC's limitation on sitting to no more than five hours in an eight-hour day is not consistent with sedentary work as defined in the Regulations. *Martinez v. Astrue*, 2009 WL 4611415, *13 (N.D. Ind. Nov. 30, 2009) ("[I]f Plaintiff is able to sit less than six hours, he would likely be precluded from performing sedentary work.").

Applying the Regulations to the RFC adopted by the ALJ, Plaintiff is unable to perform either light or sedentary work as those terms are defined by the Regulations. The ALJ did not question the VE regarding this discrepancy between the Regulations and Plaintiff's limitations as defined by the RFC, and the VE did not provide any explanation. Thus, this error provides an alternative basis for remand.

## IV.  Summary

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (**#10**) and **DENIES** Defendant's Motion for an Order Which Affirms the Secretary's Decision (**#14**). The case shall be remanded to the Commissioner for an award of benefits pursuant to 42 U.S.C. § 405(g), sentence four. This case is terminated. *See Schalala v. Schaefer*, 509 U.S. 292, 299 (1993) (a sentence-four remand order terminates the case).

ENTERED this 17th day of April, 2013.

s/DAVID G. BERNTHAL  
UNITED STATES MAGISTRATE JUDGE
